## MEYER AND GLAUBER *vs.* TUFTS.

COMPLAINT, FROM DOUGHERTY. New Trial. Practice in Superior Court. (Before Judge Bower.)

Hall, J.—Although the weight of the evidence may appear to have been against the plaintiff on the subject of notice, and although the value placed on the property in controversy by some of the plaintiff's witnesses may have been too high, yet there being some evidence to support the verdict, and the presiding judge having required a portion of the verdict to be written off, and refused a new trial, the court will not interfere with his discretion in so doing.

Judgment affirmed.

C. B. Wooten, for plaintiff in error.

G. J. Wright; L. Arnheim; J. W. Walters, for defendant.

---

## GRAHAM *vs.* EASTMAN.

EJECTMENT, FROM TELFAIR. New Trial. Ejectment. (Before Judge Kibbee.)

Hall, J.—This court will never interfere with the first grant of a new trial where there is any evidence at all upon which a different verdict could be sustained.

(a.) Where a plaintiff in ejectment does not rely upon possession, but undertakes to show title, he must recover on the strength of his own title, and not on the weakness of that of his adversary; and where there are circumstances which might warrant a verdict for the defendant, the court below will not be reversed for granting a new trial after a verdict in the plaintiff's favor.

Judgment affirmed.

Roberts & Smith; C. C. Smith; Harrison & Peeples, for plaintiff in error.

DeLacy & Bishop, by J. H. Lumpkin; R. K. Hines, by brief, for defendant.